DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,**    ) | |
| ) | |
| **Plaintiff,**    ) | |
| ) | |
| v.    ) | Case No. 3:21-cr-0022 |
| ) | |
| **BLAS PANZARDI DAVILA,**    ) | |
| ) | |
| **Defendant.**    ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the motion of Blas Panzardi Davila ("Panzardi Davila") to conduct his sentencing in this matter by video conferencing. (ECF No. 16.)

On November 10, 2021, Panzardi Davila was charged in a single count information with false statements in violation of 18 U.S.C. § 1001(a)(2).[1] On November 12, 2021, Panzardi Davila pleaded guilty as to Count I of the indictment before the magistrate judge, who issued a Report and Recommendation that day. (ECF No. 9.) On the same day, November 12, 2021, the undersigned adopted that Report and Recommendation. (ECF No. 10.) A sentencing hearing was scheduled for January 27, 2022. On January 20, 2022, Panzardi Davila filed an unopposed motion to conduct his sentencing by video teleconferencing technology. (ECF No. 16.)

Federal Rule of Criminal Procedure 43 requires that a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). Nevertheless, in light of the COVID-19 pandemic, Congress recently provided certain circumstances under which a sentencing may be conducted by video teleconference. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the

---

[1] Panzardi Davila was arrested on January 14, 2021 in connection with *United States v. Panzardi Davila*, Case No. 3:21-cr-0003 (D.V.I. 2021). On April 1, 2021, a grand jury returned a single count indictment charging Panzadri Davila with concealing more than $100,000.00 in currency in violation of 46 U.S.C. § 70503(a)(3). *Panzardi Davila,* ECF No. 17 at *1. The United States moved to dismiss the indictment in the interests of justice on November 12, 2021. *Panzardi Davila,* ECF No. 49 at *1. The Court granted the United States' motion and dismissed the indictment with prejudice on the same day. *Panzardi Davila,* ECF No. 51.

President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use video teleconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent of the defendant . . . after consultation with counsel."). Specifically, the following three conditions must be met: (1) the Judicial Conference of the United States must "find[] that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect the functioning of [] the Federal courts generally;" (2) the chief judge of a district court covered by that finding must "specifically find[] . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety;" and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See id.* § 15002(b)(2),

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally.

On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a third general order responding to the COVID-19 pandemic. In that order, the Chief Judge found that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety. As such, the April 9, 2020 Order authorized the use of videoconferencing to conduct felony sentencing for a period of 90 days. That Order has been successively extended, most recently on December 30, 2021.

The "court must impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). Without an end, or even an abatement, in sight to the ongoing COVID-19 pandemic, the indefinite delay of sentencing hearings "would only add to the enormous backlog of

criminal and civil matters facing this Court, and every judge in this District, when normal operations resume." *E.g., United States v. Hernandez,* 2020 WL 2850222, at *3 (C.D. Cal. June 1, 2020); *United States v. Soe*, 2020 WL 3483588, at *3 (C.D. Cal. June 25, 2020).

The continued delays to in-person proceedings, and their resultant backlog of cases, undermine the Court's ability to efficiently manage its docket. This inefficiency consequently weighs heavily against the public's interest in judicial economy. *See In re Modafinil Antitrust Litigation*, 837 F.3d 238, 268 (3d Cir. 2016) ("'Judicial economy' means '[e]fficiency in the operation of the courts and the judicial system… .") (Rendell, J., concurring in part). Thus, Rule 32(b)(1)'s requirement that a sentence be imposed without unnecessary delay intertwines considerations of judicial economy with the interest of justice, particularly in the abnormal context of the COVID-19 pandemic. *Cf. In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) ("public interests… derive from 'the interest of justice.'… We regard these public interests to include judicial economy considerations.") (internal citations omitted).

Here, the interests of justice necessarily cannot be served by unduly delaying a defendant's sentencing once he has been convicted. *Cf. Pennsylvania v. Ritchie*, 480 U.S. 39, 50 n. 8 (1987) ("The interests of judicial economy and the avoidance of delay, rather than being hindered, would be best served by resolving the issue."). Where a defendant has, as Panzardi Davila has in this case, consented to sentencing by video teleconferencing through his attorney (*see generally* ECF No. 16), such an indefinite delay causes continued serious harm to the public's interest in judicial economy, and by extension, the interests of justice. *Cf. Howmedica*, 867 F.3d at 402.

Exacerbating the harms caused by the potential delay of his sentencing, Panzardi Davila faces a guideline range of zero to six months. As of this date, Panzardi Davila has served roughly seven months.[2] Because Panzardi Davila has already been detained for a

---

[2] After his initial appearance before the magistrate judge on January 15, 2021, in connection with Case No. 3:21-cr-0003, Panzardi Davila was ordered released upon execution of a $10,000 unsecured bond. *Panzardi Davila,* ECF No. 5 at *1. Panzardi Davila was arrested on May 27, 2021, pursuant to a pretrial release violation warrant. *Panzardi Davila,* ECF No. 30 at *1. On June 14, 2021, Panzardi Davila appeared before the magistrate judge for a pretrial release violation hearing during which his pretrial release was revoked and he was ordered detained pending further proceedings. *Panzardi Davila,* ECF No. 39.

greater amount of time than the upper limit of his recommended sentence, any further delay of sentencing runs contrary to the interests of justice. These considerations lead the Court to conclude that sentencing Panzardi Davila by video teleconferencing technology best serves the interests of justice in this matter.

The premises considered, it is hereby

**ORDERED** that Panzardi Davila's unopposed motion to appear for sentencing via videoconference, ECF No. 16, is **GRANTED**; it is further

**ORDERED** that the sentencing hearing for this matter currently scheduled to commence promptly at 11:30 A.M. on January 27, 2022 before Chief Judge Robert A. Molloy shall be held via video teleconferencing, with log-in information to be provided to the parties at a later date; and it is further

**ORDERED** that the public may access the audio of the video conference proceedings in this matter by calling 1-888-251-2909 and entering access code 5157509#**.**

**Date:** January 20, 2022                                              */s/Robert A. Molloy*
                                                                       **ROBERT A. MOLLOY**
                                                                       **Chief Judge**